EJM

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. RICK LANGKAMP, an individual,<br><br>2. DARLA LANGKAMP, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>1. MAYES EMERGENCY SERVICES TRUST AUTHORITY;<br><br>2. JOHN DOES 1-15, Board Members and Employees, Agents, and Representatives of the Mayes Emergency Services Trust Authority,<br><br>    Defendants. | 4:16-cv-676 CVE-FHM |

**SPECIAL APPEARANCE AND RESPONSE OF THE DEFENDANT
MAYES EMERGENCY SERVICES TRUST AUTHORITY
TO PLAINTIFFS' OPPOSED MOTION TO STAY COURT PROCEEDINGS
PENDING CONCLUSION OF EEOC PROCESS**

COMES NOW, the Defendant, Mayes Emergency Services Trust Authority (hereinafter "MESTA"), appearing specially, and responds by opposing Plaintiffs' Opposed Motion to Stay Court Proceedings Pending Conclusion of EEOC Process [Doc. 26]. In further support of this Special Appearance and Response, MESTA would show the Court as follows:

MESTA has endured years of litigation brought by Plaintiff Rick Langkamp based upon his former position as MESTA's Executive Director. Plaintiffs request a stay in hopes of being able to present yet additional claims against MESTA arising out of that relation. Plaintiffs' request for a stay should be denied because it would only prolong and delay this litigation contrary to the purpose of the Federal Rules of Civil Procedure which "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1.

MESTA "is a political subdivision (public trust) organized under the laws of the State of Oklahoma." Complaint, ¶3, p. 1, [Doc. 2]. Plaintiff Rick Langkamp was the Executive Director of MESTA until he was terminated June 14, 2016. Complaint, ¶8, p. 3, [Doc. 2].

In 2014, Rick Langkamp sued MESTA under a variety of theories and claims grounded in a decision by the Mayes County Board of County Commissioners to remove responsibility for a particular "call center" from MESTA. *See,* Petition, *Langkamp v. Board of County Commissioners of Mayes County, et al.,* District Court of Mayes County, State of Oklahoma, Case No. CJ-14-240 (hereinafter "*Langkamp I*"). Rick Langkamp later dismissed that action with prejudice, but then commenced a second action with MESTA, *Langkamp v. MESTA, et al.,* District Court of Mayes County, State of Oklahoma, Case No. CJ-16-0092 (hereinafter "*Langkamp II*"). Rick Langkamp filed a First Amended Petition in *Langkamp II* advancing claims based upon his termination as Executive Director with MESTA.

MESTA moved to dismiss Rick Langkamp's claims and the state court entered an Order ruling adversely to him on the merits of his claims. MESTA attached copies of the relevant state court documents as exhibits to its Motion to Dismiss Plaintiffs' Complaint in this action. [Docs. 13.1 – 13.7]. In response to an Order of this Court [Doc. 23], MESTA submitted copies of the briefing submitted on its Motion to Dismiss the claims in *Langkamp II*. [Docs. 24, 24.1 – 24.5]. MESTA's Renewed Motion to Dismiss in *Langkamp II*, Plaintiffs' Response, and MESTA's Reply devoted considerable attention to whether Plaintiff Rick Langkamp, as Executive Director, was an "at-will employee" or whether he had contractual and constitutional due process rights to continued employment by MESTA and in the performance of his duties as such. These issues were fully litigated on their merits but the state court rejected Plaintiff Rick Langkamp's position and ruled adversely to him. Orders of Dismissal, *Langkamp II*, [Doc. 13-6].

When Plaintiffs commenced the current action, they alleged that "[a] Dismissal and Notice of Suit Rights dated September 19, 2016, from the EEOC was received by Mr. Langkamp and Ms. Langkamp, and the civil action was commenced within ninety days of such receipt." Complaint, ¶5, p. 2. [Doc. 2]. Plaintiffs attached a copy of a Dismissal and Notice of Rights from the EEOC addressed to "Ricky T. Langkamp", dated "9/19/2016" and referring to EEOC Charge No. 564-2016-01135. Complaint, Exhibit 1, Dismissal and Notice of Rights [Doc. 2, p. 17 of 18]. Plaintiff Rick Langkamp submitted a Charge of Discrimination under Agency Charge No. 564-2016-01135 on "7/7/16"; the box labeled "DATE(S) DISCRIMINATION TOOK PLACE" identifies the "Earliest" as "03-08-2016" and states that the "Latest" was "06-16-2016." Exhibit 1, Charge of Discrimination, Charge No. 564-2016-01135. The Charge of Discrimination is dated over three weeks after Plaintiff Rick Langkamp was terminated as Executive Director of MESTA on June 14, 2016, and the period during which discrimination allegedly occurred extends two days past the date of his termination. Plaintiffs offer no explanation for a need to stay the current action in this Court when Plaintiff Rick Langkamp is already pursuing a claim based upon his termination as Executive Director.

Plaintiffs refer indifferently to "MESTA's Issues/Claim Preclusion Arguments advanced in its current Motion to Dismiss, . . . ." Plaintiffs' Motion to Stay, p. 4 [Doc. 26]. However, MESTA established that *res judicata* ("claim preclusion") barred Rick Langkamp's claims in this Court because they are based upon the same set and series of transactions which were the basis for his claims in *Langkamp II*. MESTA's Motion to Dismiss, pp. 28-29 [Doc. 13]. Any theory not advanced in *Langkamp II*, based upon those same events, may not be advanced in his action in this Court. *Chandler v. Denton,* 1987 OK 38, ¶12, 741 P.2d 855-862, 863. The application of *res judicata* ("claim preclusion") to Plaintiff Rick Langkamp's allegations in the

3

present case, based upon the adverse ruling on his claims in *Langkamp II*, may be addressed without awaiting resolution of yet another EEOC claim by him. MESTA's Motion to Dismiss has been fully briefed and is now pending before the Court. A ruling on the merits of that motion could serve to narrow the scope of any claims which may be presented in this action, if Plaintiff Rick Langkamp is allowed to present any at all.

Plaintiffs' cite an opinion of the United States Supreme Court addressing the authority of the Court to stay proceedings in which it was also held:

> [T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility for the stay in which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Landis v. North American Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); *see,* Plaintiffs' Opposed Motion to Stay, p. 3 [Doc. 26].

None of the other cases cited by Plaintiffs address circumstances at all similar to those presented by this action in this Court. That is, none of Plaintiffs' cases involve a history of prior litigation and prior EEOC claims, and none of them addressed an action commenced pursuant to an EEOC Dismissal and Notice of Rights encompassing a period of alleged conduct also alleged in a subsequent EEOC Charge. One of Plaintiffs' cases involved an *unopposed* motion by the *defendants* to stay proceedings; the court discussed standards imposed by a federal court of appeals which had reversed a stay as "immoderate and improper":

> [T]he court specifically declined to reject the suggestion in other cases that a district court may, in certain cases, stay §1981 proceedings pending an attempt by the parties to resolve their dispute through the offices of the EEOC. The circumstances permitting such a stay and the scope of the stay are quite limited. In order for such a stay to be proper, there must be a reasonable

4

>probability of success in the EEOC conciliation efforts and the stay must remain in effect for no more than sixty days.

*Harvey v. Delta Bank & Trust Co.*, 1995 WL 527618, *1 (E.D. La., Aug. 31, 1995) (internal quotation marks omitted), *citing, Hines v. D'Artois*, 531 F.2d 726, 736-737 (5th Cir., 1976). The court further stated:

>Defendant's motion asserts that EEOC conciliation efforts in this matter may be successful. Plaintiff has not disputed this. In short, one party has expressed willingness to attempt conciliation and the other has not eschewed such an attempt. It appears that the EEOC conciliation efforts have a reasonable probability of success . . . further, a brief stay will not impinge on plaintiffs rights in this very young case.

*Harvey v. Delta Bank, supra*, at *1. In the present case, Plaintiffs' Motion for Stay is opposed and MESTA disputes that there is "a reasonable probability of success [by Plaintiff Rick Langkamp" in the EEOC Charge currently pending. Moreover, although the action before this Court might be described as a "young case", the years of litigation between Plaintiff Rick Langkamp and MESTA is not.

Plaintiffs also cite *Christenson v. John Zink Co.*, 2007 WL 2286260 (N.D. Okla., Aug. 8, 2007) in which the *defendant* requested the stay; the opinion does not report the existence of any prior EEOC Charge, for which a Dismissal and Notice of Rights letter had been issued or prior litigation between the plaintiff and defendant. The court did, however, rely on its discretionary authority to stay the proceedings and did so for only a limited period.

Plaintiffs argue that exhaustion of administrative remedies is a jurisdictional prerequisite to pursue a Title VII claim. However, as noted, Plaintiffs' commenced this action citing a Dismissal and Notice of Rights from the EEOC authorizing an action on a claim for a period which extended past Rick Langkamp's termination as MESTA's Executive Director. Accordingly, this argument does not provide a basis for the entry of a stay of these proceedings.

WHEREFORE, premises considered, the Defendant, Mayes Emergency Services Trust Authority, appearing specially, prays the Court to deny Plaintiffs' Opposed Motion to Stay Court Proceedings Pending Conclusion of EEOC Process [Doc. 26] and instead, proceed to a ruling on the Motion to Dismiss [Doc. 13] which has now been fully briefed and is ripe for a decision.

Respectfully submitted,

SECREST HILL BUTLER & SECREST

By:  s/ Edward J. Main
ROGER N. BUTLER, JR., OBA #13668
EDWARD J. MAIN, OBA #11912
7134 South Yale, Suite 900
Tulsa, OK 74136-6360
(918) 494-5905 Telephone
(918) 494-2847 Facsimile
rbutler@secresthill.com
emain@secresthill.com
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of March, 2017, I served a true and correct copy of the above and foregoing instrument by U.S. Mail with sufficient postage prepaid affixed thereto, on the following:

E. Anthony Mareshie
tulsalegal@gmail.com
*Counsel for Plaintiff*

s/ Edward J. Main

115\16003\Pldgs\Rsp Mtn to Stay