UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DARLA LANGKAMP,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 16-CV-0676-CVE-FHM |
| | ) |
| **MAYES EMERGENCY SERVICES TRUST** | ) |
| **AUTHORITY, and JOHN DOES 1-15, Board** | ) |
| **Members, and Employees, Agents and** | ) |
| **Representatives of the Mayes Emergency** | ) |
| **Services Trust Authority, and BOARD** | ) |
| **OF COUNTY COMMISSIONERS OF** | ) |
| **MAYES COUNTY,** | ) |
| | ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

Now before the Court is Plaintiff Rick Langkamp's Motion for New Trial and to Amend/Alter Judgment or Relief from Judgment of the Court's Order Entered on March 3, [2017] (Dkt. # 36). Mr. Langkamp asks the Court to alter its opinion and order (Dkt. # 31), in which the Court, inter alia, terminated Mr. Langkamp as a party. Mr. Langkamp asks the Court to allow him to bring in this suit new discrimination claims for which he has just received a right to sue letter from the Equal Employment Opportunity Commission (EEOC). Defendant Mayes Emergency Services Trust Authority (MESTA) objects, arguing that the claims Mr. Langkamp wishes to assert are barred by res judicata. Dkt. # 38, at 2.

Rick and Darla Langkamp originally filed this suit against MESTA and John Does 1-15, alleged board members and employees, agents, and representatives of MESTA. Dkt. # 2. On March 3, 2017, the Court granted in part and denied in part MESTA's motion to dismiss (Dkt. # 13). The Court granted the motion as to Ms. Langkamp's negligence claim and Mr. Langkamp's retaliation

claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), and denied the motion as to Ms. Langkamp's retaliation claims under Title VII and 42 U.S.C. § 1983. Dkt. # 31, at 18. In the same opinion and order, the Court granted Ms. Langkamp's motion to amend the complaint to assert new claims against the Board of County Commissioners of Mayes County that had become actionable when Ms. Langkamp received a right to sue letter from the EEOC on those claims after the original complaint was filed. Id. at 17-18. The Court also denied Mr. Langkamp's motion to stay until the related proceedings he had pending before the EEOC were completed. Id. at 18. On March 16, 2017, Mr. Langkamp received a right to sue letter on his remaining claims. Dkt. # 36-6. Mr. Langkamp now asks the Court to amend its March 3, 2017 opinion and order and allow him to assert the Title VII and Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA), claims covered by the March 16, 2017 right to sue letter from the EEOC.

Mr. Langkamp asks the Court to amend or alter its March 3, 2017 opinion and order pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Dkt. # 36, at 1. Rules 59 and 60 apply to final orders. See e.g., Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch., 212 F. App'x 760, 765 (10th Cir. 2007)[1]; Raytheon Constructors Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003). As to Mr. Langkamp, the Court did not enter final judgment and determine that there was no just reason for delay under Rule 54(b). Thus, Mr. Langkamp's motion should be treated as a motion for reconsideration filed prior to final judgment. See Trujillo, 212 F. App'x at 765. A district court has "general discretionary authority to review and revise interlocutory rulings prior to entry of final

---

[1]  This and all other unpublished opinions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

judgment." <u>Wagoner v. Wagoner</u>, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." <u>Servants of Paraclete v. Does</u>, 204 F. 3d 1005, 1012 (10th Cir. 2000).

The Court denied Mr. Langkamp's motion to stay because at the time it was unknown how long it would take for his pending EEOC proceedings to conclude, and an indefinite stay of this case would have caused undue delay and prejudiced defendants. Mr. Langkamp's March 16, 2017 right to sue letter from the EEOC is new evidence that was previously unavailable. This new evidence changes the facts that undergirded the Court's prior decision because Mr. Langkamp is no longer asking for an indefinite stay. His EEOC proceedings are complete, and Mr. Langkamp asks the Court to allow the Langkamps to file a second amended complaint in light of his newly actionable claims.

The decision to grant leave to amend is within the discretion of the district court and should be "freely given when justice so requires." <u>Bradley v. Val-Majias</u>, 379 F.3d 892, 900-01 (10th Cir. 2004). Leave to amend may be denied for reasons such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of the amendment. <u>Foman v. Davis</u>, 370 U.S. 178 (1962). Mr. Langkamp's request comes approximately a week after Ms. Langkamp filed an amended complaint (Dkt. # 32) pursuant to the Court's March 3, 2017 opinion and order. The Court sees no reason why allowing Mr. Langkamp to assert his new claims in this suit would prejudice defendants when such a short period of time has passed since the Court's opinion and order and Ms. Langkamp's amended complaint. Moreover, given that only three days

passed between Mr. Langkamp receiving his right to sue letter and his motion, Mr. Langkamp appears to have been diligent in this matter.

MESTA argues that Mr. Langkamp's new claims are barred by res judicata, but arguments that go to the merits of the new claims are premature. At this stage, the Court asks whether the amendment would be clearly futile, and the Court does not find Mr. Langkamp's new claims to be obviously without merit. The Court dismissed Mr. Langkamp's Title VII claim that became actionable in his September 19, 2016 right to sue letter because he failed to even attempt to assert the claim in the state court proceedings pending at the time the claim became actionable. Dkt. # 31, at 15-16. Mr. Langkamp's latest right to sue letter was received on March 16, 2017, months after the termination of the latest state court case. Thus, Mr. Langkamp's new claims are not obviously barred by res judicata. However, this decision does not prejudice defendants from moving to dismiss Mr. Langkamp's claims on the merits, including res judicata, once a second amended complaint has been filed.

After the Court's March 3, 2017 opinion and order, Ms. Langkamp filed a bizarre amended complaint (Dkt. # 32) that included a claim the Court had dismissed and listed Mr. Langkamp as a plaintiff in the case caption even though he had been terminated as a party. In her amended complaint, Ms. Langkamp stated that she was "mindful" of the Court's opinion and order, but included the claim "out of an abundance of caution" to preserve the issue. Dkt. # 32, at 13 n.2. The Court has already advised Ms. Langkamp that her understanding of preserving issues for appeal is misguided, and she must comply with the Court's orders. Dkt. ## 34, 35. The Court reiterates those warnings here, and advises the Langkamps to carefully comply with this and all other orders of this Court.

The Court will exercise its discretion to alter its March 3, 2017 opinion and order (Dkt. # 31) based on new evidence — Mr. Langkamp's March 16, 2017 right to sue letter from the EEOC — to allow the Langkamps to file a second amended complaint adding Mr. Langkamp's Title VII and ADA claims covered by the March 16, 2017 right to sue letter. However, the Langkamps may not alter or amend their amended complaint apart from adding the claims discussed above. Specifically, Ms. Langkamp shall not include any claims already dismissed or add any additional claims not contained in her amended complaint (Dkt. # 32). Moreover, in the second amended complaint, the case caption shall include Mr. Langkamp as a plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff Rick Langkamp's Motion for New Trial and to Amend/Alter Judgment or Relief from Judgment of the Court's Order Entered on March 3, [2017] (Dkt. # 36) is **granted**, and Rick and Darla Langkamp may file a second amended complaint, consistent with the rulings herein, no later than **March 30, 2017**.

**DATED** this 23rd day of March, 2017.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

5